[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10466
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cv-01502-TWT


ALI NEJAD,

Petitioner - Appellee,

versus

ATTORNEY GENERAL OF THE STATE OF GEORGIA,

Respondent,

WARDEN,

Respondent - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(September 16, 2015)

Before MARCUS, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

The State of Georgia appeals the district court's grant of Ali Nejad's petition for a writ of habeas corpus, which he filed pursuant to 28 U.S.C. § 2254. The district court granted relief on the ground that Mr. Nejad's trial counsel rendered ineffective assistance but did not rule on two other grounds Mr. Nejad raised in his petition.

District judges must resolve all of a habeas petitioner's claims for relief, regardless of whether relief is granted or denied. *Clisby v. Jones*, 960 F.2d 925, 935-36 (11th Cir. 1992) (en banc); *see also Puiatti v. McNeil*, 626 F.3d 1283, 1307 (11th Cir. 2010) (applying *Clisby* to vacate a district court's order granting relief on one ground and deeming all other grounds moot). When a district judge fails to address all of a petitioner's claims, we "will vacate the . . . judgment without prejudice and remand the case for consideration of all remaining claims." *Clisby*, 960 F.2d at 938.

Mr. Nejad asserted three claims for relief in his petition: (1) the trial court erroneously charged the jury that a pellet gun was per se a deadly weapon; (2) a juror failed to disclose that she was a rape victim; and (3) trial counsel rendered ineffective assistance by denying him the choice of whether to testify. A magistrate judge recommended that the district court deny all three claims. The

district court declined to adopt the magistrate judge's recommendation, concluding that habeas relief (a new trial) was warranted based on Mr. Nejad's ineffective assistance claim.  The court did not, however, address the magistrate judge's disposition of his other two claims.

Because the court did not resolve all three claims, *Clisby* dictates that we vacate without prejudice the judgment of the district court and remand the case for consideration of Mr. Nejad's remaining claims for relief.[1]

**VACATED AND REMANDED.**

---

[1] We accordingly do not address the State's arguments regarding the district court's disposition of Mr. Nejad's ineffective assistance claim.